IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN THE MATTER OF | : | |
| TATO TRUCK SALES, INC. | : | CASE NO. 04-12371 |
| DEBTOR | : | CHAPTER 11 |

ASSOCIATES INTERNATIONAL
HOLDINGS CORP. D/B/A CITICAPITAL : 

 : Adv. Proc. 05-0061

    Plaintiff

 : 

       v. : **FILED & ENTERED**

TATO TRUCK SALES, INC. :

    Defendant : **JAN 1 3 2006**

CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO



## OPINION AND ORDER

We hereby deny the Parties' motion and cross motion asking us to summarily determine the extent of Plaintiff's lien over "Inventory" defined in the Security Agreement, for reasons that follow.

### Background

Defendant repairs, sells and services heavy machinery and trucks. To finance its business, it procured a $1.5 million loan pursuant to the terms and conditions of a Security Agreement. The parties disagree on the meaning of the "Inventory" serving as collateral for repayment of the loan, defined in Paragraph A of the Agreement. On the one hand, the Agreement's printed format describes "Inventory" as:

> Inventory: The undersigned dealer ("Debtor") is now or may hereafter be engaged in the business of selling at retail the following described types of property and such other property as may be described from time to time in any agreement which is supplemental hereto (all of which property, with all attachments, accessories, exchanges,

> replacement parts, repairs and additions thereto, are herein collectively called "Inventory") ... .

On the other hand, the parties typed in the following words in an attempt to also define the contents of the "Inventory":

> ALL PRESENT AND FUTURE VEHICLES, BOTH NEW AND USED, INCLUDING BUT NOT LIMITED TO ALL TRUCKS, TRACTORS, TRAILERS, AND SEMI TRAILERS.

Plaintiff argues Paragraph A shows its security interest extends to all present and future inventory regardless of whether the replacement parts are used to service vehicles and heavy equipment sold by the Debtor under an apparent floor plan with the Plaintiff, or whether these parts are used to repair vehicles and heavy equipment not sold by the Debtor under the Agreement.

Debtor claims Plaintiff's security interest extends only to the inventory of replacement or repair parts of all present and future vehicles sold or to be sold by the Debtor pursuant to the Agreement's apparent floor plan. Hence, there is a portion of Defendant's inventory of vehicle parts that is not encumbered by Plaintiff's lien.

## Discussion

Summary judgment is warranted where the record viewed most favorably to non moving party, reveals that there is no genuine dispute as to any material fact and moving party is entitled to judgment as a matter of law. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986). "The summary judgment machinery operates in two phases. First, the movant must make a preliminary showing that there is no genuine issue of material fact which requires resolution in the crucible of a trial. Once this showing has been made, the burden



shifts to the non-movant to demonstrate, through specific facts, that a trial worthy issue remains."(citations omitted) <u>Cadle Company v. Hayes</u>, 116 F. 3d 957, 960 (1st Cir. 1997). "For the purpose of summary judgment, an issue of fact is 'genuine' if it 'may reasonably be resolved in favor of either party.'(citations omitted) For the same purpose, 'material' facts are those which possess 'the capacity to sway the outcome of the litigation under the applicable law'."(citations omitted) <u>Id</u>.

In the context of a summary judgment, a court may interpret a contract when; (a) its terms are clear, or (b) when any existing ambiguity is cleared by admissible extrinsic evidence supporting only one of the conflicting interpretations. *See Torres v. Santiago*, 149 F.3d 29 (1st Cir. 1998); *Boston Five Cents Savings Bank v. Secretary of the Department of Housing and Urban Development*, 768 F.2d 5 (1st Cir. 1985).

In our view, Paragraph A of the Agreement does not clearly and unequivocally describe the content of the "Inventory" guaranteeing repayment of the loan. The parties have not offered extrinsic evidence that would allow us to resolve the parties' controversy without a trial.

Furthermore, under applicable non bankruptcy law, when the terms of a contract are not clear, the court must look to the intention of the parties,[1] including their prior, contemporaneous



---

[1] Article 1233 of the Civil Code of Puerto Rico states: If the terms of a contract are clear and leave no doubt as to the intentions of the contracting parties, the literal sense of its stipulations shall be observed. If the words should appear contrary to the evident intention of the contracting parties, the

and subsequent actions involving the contract.[2]  The determination of the parties' intent is a factual finding which is best determine after an evidentiary hearing or trial.

Wherefore, the Parties' motions for summary judgment are denied.  The Clerk shall schedule a pretrial and notify the parties.

**SO ORDERED**, in San Juan, Puerto Rico, on January 12, 2006.

SARA DE JESUS
U.S. Bankruptcy Judge

---

intention shall prevail. 31 L.P.R.A. §3471

"For Article 1233 purposes, a term is considered 'clear' when it is sufficiently lucid to be understood to have one particular meaning, without room for doubt."
Fernandez v. Municipality of Bayamón, 942 F.Supp. 89, 94 (D.P.R. 1996)(Citation omitted).

[2]  Article 1234 of the Puerto Rico Civil Code states: In order to judge as to the intention of the contracting parties, attention must principally be paid to their acts, contemporaneous and subsequent to the contract. 31 L.P.R.A §3472